UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| STEVEN ENG,<br><br>             Plaintiff,<br><br>     vs.<br><br>STATE OF HAWAII, DEPT. OF PUBLIC SAFETY, KUKUI PLAZA ASSOCIATION AOAO, SHERIFF OFFICER TOMMY CAYETANO, JOHN DOES 1-10, JANE DOES 1-10, DOE ASSOCIATIONS 1-10, DOE PARTNERSHIPS 1-10, DOE CORPORATIONS 1-10, DOE GOVERNMENTAL AGENCIES 1-10,<br><br>             Defendants. | CIV. NO. 18-00282 LEK-KJM |

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT ASSOCIATION OF OWNERS OF KUKUI PLAZA'S
<u>MOTION TO DISMISS COMPLAINT FILED ON JULY 23, 2018</u>**

On May 15, 2019, Defendant Association of Owners of Kukui Plaza ("Association") filed its Motion to Dismiss Complaint Filed on July 23, 2018 ("Motion to Dismiss").[1] [Dkt. no. 28.] Plaintiff Steven Eng ("Plaintiff") filed his memorandum in opposition on January 31, 2020, and the Association filed its reply on February 5, 2020. [Dkt. nos. 48, 49.] The Motion to Dismiss came on for hearing on February 21,

---

[1] The Association states it has been incorrectly identified as Kukui Plaza Association AOAO. [Motion to Dismiss at 2.]

2020.[2]  The Association's Motion to Dismiss is hereby granted,

insofar as: Counts I and VI are dismissed without prejudice

because Plaintiff has clarified that the Complaint does not

allege constitutional claims against the Association; and

Count XII is dismissed without prejudice for lack of subject

matter jurisdiction.  The Motion is denied in all other

respects.

## BACKGROUND

Plaintiff, who was proceeding pro se at the time,

filed his Complaint on July 23, 2018.[3]  [Dkt. no. 1.]  Plaintiff

asserts federal subject matter jurisdiction exists, pursuant to

28 U.S.C. §§ 1331, 1343, and 1367.  [Complaint at pg. 2.]

According to the Complaint, on July 26, 2016, at

approximately 10:15 a.m., a sheriff, a security guard, and

others came to the door of the apartment unit where Plaintiff

lives.  When Plaintiff answered the door, he was wearing only

---

[2] Defendants State of Hawai`i, Department of Public Safety
and Deputy Sherriff Tommy Cayetano's ("Cayetano" and,
collectively, "State Defendants") Motion for Summary Judgment
for Qualified Immunity ("Summary Judgment Motion"), [filed
5/15/19 (dkt. no. 29),] was also heard on February 21, 2020.
The Summary Judgment Motion will be addressed in a separate
order.

[3] The case was referred to the pro bono panel after the
filing of the Motion to Dismiss and the Summary Judgment Motion.
[Order Referring Case to the Civil Pro Bono Panel, filed 5/21/19
(dkt. no. 32).]  Plaintiff's counsel was appointed on
September 13, 2019.  [Dkt. no. 38.]

underwear because he was about to take a shower. Plaintiff
asked the group what they wanted, and they asked him if he had
received a notice. Plaintiff responded that he had not and
asked if they had contacted the owner of the unit, who did not
live there. Instead of answering, the sheriff and a female
pushed their way into Plaintiff's unit. Before they entered,
neither the sheriff nor anyone else identified what legal
authority permitted them to enter Plaintiff's home. [Id. at
pg. 3.]

Plaintiff stated the female had to leave his home, but
the sheriff could wait inside while Plaintiff got dressed. The
female refused to leave. Plaintiff said he had to make a phone
call, turned, and began to walk toward the kitchen counter to
retrieve his phone. Plaintiff alleges the sheriff charged him
from behind, slammed him into a chair, and handcuffed him. The
sheriff explained that he did so because Plaintiff pushed him,
but Plaintiff asserts the sheriff lied. The sheriff twisted
Plaintiff's arms and attempted to drag him from the unit,
causing Plaintiff to scream in pain. [Id. at pg. 4.] The
sheriff told Plaintiff "'to shut up,'" but Plaintiff states he
could not stop screaming because of the pain. [Id.] The
sheriff then choked him to try to stop him from screaming. None
of the other persons present attempted to stop the sheriff's
actions. [Id. at pgs. 4-5.]

Plaintiff alleges the female appeared to be in charge. The sheriff and the female consulted on multiple occasions. One of the other males who was present retrieved Plaintiff's pants, but he removed Plaintiff's personal property from the pants before Plaintiff was allowed to put the pants on. Plaintiff was taken to the Sheriff's Office, booked, and brought back to his home. [Id. at pg. 5.] Plaintiff then discovered his home had been "trashed." [Id.] Items had been removed from the closet and thrown into the kitchen and living room. The unit walls and ceiling were damaged and there was debris in the closet and on the floor. [Id.]

The Complaint alleges the following claims: a 42 U.S.C. § 1983 claim against all defendants for violation of Plaintiff's rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments ("Count I"); an assault and battery claim against all defendants ("Count II"); a claim for abuse of process, unlawful arrest, and false imprisonment against all defendants ("Count III"); a negligent training claim against DPS ("Count IV"); an intentional infliction of emotional distress ("IIED") claim against all defendants ("Count V"); a claim against all defendants for violating the Hawai`i State Constitution ("Count VI"); a negligence claim against all defendants ("Count VII"); a gross negligence claim against all defendants ("Count VIII"); a claim that all defendants

4

intentionally inflicted physical distress upon Plaintiff

("Count IX");[4] a negligent infliction of emotional distress

("NIED") claim against all defendants ("Count X"); a loss of

consortium claim against all defendants ("Count XI"); and a

claim against the Association for secretly installing a motion-

activated, video and/or photographic recording device in

Plaintiff's home, in violation of his right to privacy

("Count XII").

On August 30, 2018, the Association filed its answer

to the Complaint.  [Dkt. no. 12.]  On September 28, 2018, the

State Defendants filed their answer to the Complaint.  [Dkt.

no. 19.]

The Association brings the Motion to Dismiss pursuant

to Fed. R. Civ. P. 12(b)(1) and (6).  The Association argues

Plaintiff's claims against it should be dismissed because the

Complaint does not allege a basis for either federal question

jurisdiction or diversity jurisdiction over the Association.  In

the alternative, the Association argues Plaintiff's claims

against it should be dismissed because he has not pled

sufficient facts to support his claims.

---

[4] Count IX also alleges the intentional infliction of
emotional distress, but that claim is already set forth in
Count V.

## DISCUSSION

### I.   Constitutional Claims

At the hearing on the Motion to Dismiss, Plaintiff's counsel clarified that Plaintiff is not asserting constitutional claims against the Association.  The Motion to Dismiss is therefore granted, insofar as the constitutional claims in the Complaint against the Association, *i.e.* Counts I and VI, are dismissed.  However, the dismissal is without prejudice because it is arguably possible for Plaintiff to amend his constitutional claims, if he elects to assert such claims against the Association.  See Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty., 708 F.3d 1109, 1118 (9th Cir. 2013) ("As a general rule, dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." (brackets, citation, and internal quotation marks omitted)).  Although the dismissal is without prejudice, Plaintiff is not granted leave to amend at this time.  See *infra* Section IV.

### II.  Jurisdiction

Federal question jurisdiction exists over Count I, which alleges a § 1983 claim against the State Defendants.  See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the

Constitution, laws, or treaties of the United States."). 28

U.S.C. § 1367 provides, in pertinent part:

> (a)  Except as provided in subsections (b) and
> (c) or as expressly provided otherwise by Federal
> statute, in any civil action of which the
> district courts have original jurisdiction, the
> district courts shall have supplemental
> jurisdiction over all other claims that are so
> related to claims in the action within such
> original jurisdiction that they form part of the
> same case or controversy under Article III of the
> United States Constitution. . . .
>
> . . . .
>
> (c)  The district courts may decline to exercise
> supplemental jurisdiction over a claim under
> subsection (a) if –
>
>> (1)  the claim raises a novel or complex
>> issue of State law,
>>
>> (2)  the claim substantially predominates
>> over the claim or claims over which the
>> district court has original jurisdiction,
>>
>> (3)  the district court has dismissed all
>> claims over which it has original
>> jurisdiction, or
>>
>> (4)  in exceptional circumstances, there are
>> other compelling reasons for declining
>> jurisdiction.

The Complaint does not expressly allege that Cayetano and the

others who were with him during the events that allegedly

occurred on July 26, 2016 ("7/26/16 Incident") were acting on

behalf of the Association.  However, the Complaint must be

liberally construed because Plaintiff was proceeding pro se when

he filed it.  See, e.g., Eldridge v. Block, 832 F.2d 1132, 1137

7

(9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365, 102 S. Ct. 700, 701, 70 L. Ed. 2d 551 (1982) (per curiam))).

Liberally construed as a whole, the Complaint alleges tort claims against the Association arising from its role in and responsibility for the 7/26/16 Incident. This Court therefore concludes that supplemental jurisdiction exists over Plaintiff's claims against the Association arising from the 7/26/16 Incident because those claims arise from the same case and controversy as Plaintiff's § 1983 claim against the State Defendants. Further, none of the situations listed in § 1367(c) exist in this case. The Motion to Dismiss is denied as to the Association's request to dismiss, for lack of jurisdiction, Plaintiff's claims against the Association arising from the 7/26/16 Incident.

In addition to the claims based on the 7/26/16 Incident, Count XII alleges the Association secretly installed a recording device in Plaintiff's home. The Complaint, however, does not explain how the alleged installation of the recording device is related to the 7/26/16 Incident. This Court cannot conclude that the claim based on the Association's alleged installation of the recording device is part of the same case and controversy as Plaintiff's § 1983 claim against the State Defendants. Supplemental jurisdiction does not exist as to

8

Count XII.  Because the asserted basis of jurisdiction over

Count XII does not exist, Count XII must be dismissed for lack

of jurisdiction.[5]  However, the dismissal must be without

prejudice because it is arguably possible for Plaintiff to amend

the Complaint to allege facts showing the installation of the

recording device is part of the same case and controversy as the

events giving rise to Plaintiff's § 1983 claim against the State

Defendants.

## III. <u>Failure to State a Claim</u>

The Association also argues Plaintiff's claims against

it should be dismissed for failure to state a claim upon which

relief can be granted.  <u>See</u> Rule 12(b)(6).  The factual

allegations supporting Plaintiff's tort claims against the

Association arising from its involvement in and responsibility

for the 7/26/16 Incident are minimal.  But, because the

Complaint must be liberally construed in light of Plaintiff's

pro se status at the time of filing, the Court concludes that

the factual allegations are sufficient to state plausible claims

---

[5] In the Motion to Dismiss, the Association argues:
Plaintiff's Complaint asserts diversity jurisdiction, pursuant
to 28 U.S.C. § 1331; but Plaintiff failed to plead a sufficient
factual basis for diversity jurisdiction.  Even liberally
construed, the Complaint does not assert diversity as the basis
for subject matter jurisdiction in this case.  <u>See</u> Complaint at
pg. 2.  It is therefore unnecessary to address the Association's
argument regarding the sufficiency of the allegations regarding
diversity jurisdiction.

for relief against the Association.  See Ashcroft v. Iqbal, 556

U.S. 662, 678 (2009) ("To survive a motion to dismiss, a

complaint must contain sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its

face.'" (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570

(2007))).  Further, liberally construing the Complaint, the

factual allegations are sufficient to provide the Association

with "fair notice of what the claim[s are] and the grounds upon

which [they] rest[]."  See Twombly, 550 U.S. at 555 (citation,

quotation marks, and some alterations omitted).

        Count XII, Plaintiff's claim arising from the alleged

installation of the recording device, has been dismissed for

lack of jurisdiction.  For the sake of completeness, this Court

notes that, Count XII, liberally construed, states a plausible

claim for the tort of invasion of privacy.  See Mehau v. Reed,

76 Hawai`i 101, 111, 869 P.2d 1320, 1330 (1994) (stating the

"unreasonable intrusion upon the seclusion of another" is one of

four types of tort claims for the invasion of privacy (citing

Restatement (Second) of Torts §§ 652A–E (1977)); see also

Restatement (Second) of Torts § 652B ("One who intentionally

intrudes, physically or otherwise, upon the solitude or

seclusion of another or his private affairs or concerns, is

subject to liability to the other for invasion of his privacy,

if the intrusion would be highly offensive to a reasonable

person.").

To the extent that the Motion to Dismiss seeks

dismissal of Plaintiff's claims against the Association pursuant

to Rule 12(b)(6), the Motion to Dismiss is denied.

## IV.  Summary and Leave to Amend

The Motion to Dismiss has been granted insofar as

Plaintiff's claims against the Association in Counts I, VI, and

XII have been dismissed, without prejudice.  Plaintiff is

granted leave to file an amended complaint to address the

jurisdictional defect in Count XII.  Plaintiff's amended

complaint must be filed by **April 14, 2020**.  A motion for leave

to amend is not required as to Count XII.

Because Plaintiff represented at the hearing that he

is not asserting constitutional claims against the Association,

Plaintiff does not have leave to amend Counts I and VI at this

time.  Plaintiff must file a motion – pursuant to Fed. R. Civ.

P. 15(a)(2) and, if necessary, Fed. R. Civ. P. 16(b)(4) – to

obtain leave to amend Counts I and VI if he wishes to pursue

constitutional claims against the Association.

If Plaintiff elects to file an amended complaint to

address the jurisdictional defect in Count XII, he will also be

permitted to add further factual allegations supporting his

remaining claims against the Association.  The Court emphasizes

11

that Plaintiff does not have leave to add any new parties, new claims, or new theories of liability supporting his claims. If Plaintiff wishes to add new parties, claims, or theories of liability, he must file a motion pursuant to Rule 15(a)(2) and, if necessary, Rule 16(b)(4).

If Plaintiff does not file an amended complaint by **April 14, 2020**, the original Complaint will remain the operative pleading, and the case will proceed as to the remaining claims in the Complaint.

## CONCLUSION

On the basis of the foregoing, the Association's May 15, 2019 Motion to Dismiss Complaint Filed on July 23, 2018 is HEREBY GRANTED IN PART AND DENIED IN PART. The Motion to Dismiss is GRANTED, insofar as Plaintiff's claims against the Association in Counts I, VI, and XII are DISMISSED WITHOUT PREJUDICE. The Motion to Dismiss is DENIED in all other respects.

If Plaintiff chooses to do so, he may file an amended complaint by **April 14, 2020**. The amendments must be consistent with the terms of this Order. If Plaintiff elects not to file an amended complaint, this case will proceed as to the remaining claims in the original Complaint.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, February 28, 2020.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**STEVEN ENG VS. STATE OF HAWAI`I, DEPARTMENT OF PUBLIC SAFETY, ET AL; CV 18-00282 LEK-KJM; ORDER RANTING I PART AND DENYIG IN PART DEFENDANT ASSOCIATION FO OWNERS OF KUKUI PLAZA'S MOTION TO DISMISS COMPLAINT FILED ON JULY 23, 2018**