UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| STEVEN ENG,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>STATE OF HAWAII, DEPT. OF PUBLIC SAFETY, KUKUI PLAZA ASSOCIATION AOAO, SHERIFF OFFICER TOMMY CAYETANO, JOHN DOES 1-10, JANE DOES 1-10, DOE ASSOCIATIONS 1-10, DOE PARTNERSHIPS 1-10, DOE CORPORATIONS 1-10, DOE GOVERNMENTAL AGENCIES 1-10,<br><br>　　　　　Defendants. | CIV. NO. 18-00282 LEK-KJM |

**ORDER GRANTING DEFENDANT ASSOCIATION OF
<u>OWNERS OF KUKUI PLAZA'S MOTION FOR SUMMARY JUDGMENT</u>**

　　　　Before the Court is Defendant Association of Owners of Kukui Plaza's ("Association") Motion for Summary Judgment ("Motion"), filed on December 22, 2021. [Dkt. no. 106.] The Court has found this matter suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). <u>See</u> Minute Order, filed 12/28/21 (dkt. no. 108). On February 28, 2022, an entering order was issued informing the parties of this Court's ruling on the Motion ("2/28/22 EO Ruling"). [Dkt. no. 112.] The instant Order supersedes the 2/28/22 EO Ruling. For the reasons set forth

below, the Association's Motion is granted and summary judgment is granted in favor of the Association as to all of the remaining claims against it in this case.

## BACKGROUND

The instant case arises from an incident that allegedly occurred on July 26, 2016, when a sheriff and others forcibly entered the Kukui Plaza condominium unit where pro se Plaintiff Steven Eng ("Plaintiff") was residing ("7/26/16 Incident"). See generally Complaint, filed 7/23/18 (dkt. no. 1). The defendants named in the Complaint are: the State of Hawai`i, Department of Public Safety ("DPS"); Kukui Plaza Association AOAO;[1] and Tommy Cayetano, who the Complaint describes as a "Sheriff Officer" ("Cayetano"). [Id. at pgs. 1-2.]

### I. Procedural History

The Complaint originally alleged the following claims: a 42 U.S.C. § 1983 claim against all defendants for violation of Plaintiff's rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments ("Count I"); an assault and battery claim against all defendants ("Count II"); a claim for abuse of process, unlawful arrest, and false imprisonment against all

---

[1] The Association states it was incorrectly identified as the Kukui Plaza Association AOAO. See, e.g., Motion at 2.

2

defendants ("Count III"); a negligent training claim against DPS ("Count IV"); an intentional infliction of emotional distress ("IIED") claim against all defendants ("Count V"); violation of the Hawai`i State Constitution by all defendants ("Count VI"); a negligence claim against all defendants ("Count VII"); a gross negligence claim against all defendants ("Count VIII"); a claim that all defendants intentionally inflicted physical distress upon Plaintiff ("Count IX");[2] a negligent infliction of emotional distress ("NIED") claim against all defendants ("Count X"); a loss of consortium claim against all defendants ("Count XI"); and a claim against the Association for secretly installing a motion-activated, video and/or photographic recording device in Plaintiff's home, in violation of his right to privacy ("Count XII").  Plaintiff asserted there was federal question jurisdiction over his civil rights claims and supplemental jurisdiction over his state law claims.  [Complaint at pg. 3.]

        Summary judgment has been granted in favor of DPS and Cayetano, in his official capacity, as to all of Plaintiff's claims against them.  Plaintiff's claims against Cayetano, in his individual capacity, remain.  [Order Granting in Part and

---

[2] Count IX also alleges the intentional infliction of emotional distress, but that claim is already set forth in Count V.

3

Denying in Part the State Defendants' Summary Judgment Motion, filed 2/28/20 (dkt. no. 53), at 16-17.[3]]

Plaintiff has clarified that he was not asserting constitutional claims against the Association. This Court therefore dismissed, without prejudice, the portions of Counts I and VI that alleged claims against the Association. [Order Granting in Part and Denying in Part Defendant Association of Owners of Kukui Plaza's Motion to Dismiss Complaint Filed on July 23, 2018, filed 2/28/20 (dkt. no. 52), at 6.[4]] This Court also ruled that: supplemental jurisdiction exists over Plaintiff's claims against the Association arising from the 7/26/16 Incident, but that supplemental jurisdiction did not exist over Count XII. Count XII was therefore dismissed without prejudice. [Id. at 8-9.] Plaintiff was granted leave to file: an amended complaint to address the jurisdictional defect in Count XII; and a motion seeking leave to amend the claims against the Association in Counts I and VI. This Court stated that, if Plaintiff chose not to file an amended complaint, the case would proceed as to the remaining claims in the Complaint. [Id. at 11-12.]

---

[3] The February 28, 2020 summary judgment order is also available at 2020 WL 981048.

[4] The February 28, 2020 dismissal order is also available at 2020 WL 978606.

Plaintiff neither filed an amended complaint nor a motion for leave to amend.  Thus, the only claims remaining against the Association are Plaintiff's state law tort claims in the Complaint arising from the 7/26/16 Incident.

On March 16, 2021, Cayetano filed a motion seeking the imposition of discovery sanctions against Plaintiff ("Sanctions Motion"), and the Association filed a substantive joinder in the Sanctions Motion on March 19, 2021.  [Dkt. nos. 71, 73.]  The Sanctions Motion represented that the Association served Plaintiff with written discovery requests, but Plaintiff failed to respond properly.  [Mem. in Supp. of Sanctions Motion at 2.] Cayetano served Plaintiff with a notice of deposition, but Plaintiff failed to appear.  See id. at 2-3; see also Sanctions Motion, Exh. A (Defendant Tommy Cayetano's Notice of Taking Deposition upon Oral Examination); id., Exh. B (Statement for the Record on 1/28/21).  The magistrate judge denied the Sanctions Motion and the joinder, without prejudice, but ordered Plaintiff to: appear for a deposition by June 9, 2021; respond to the Association's written discovery requests by May 12, 2021; and complete a medical information authorization by May 5, 2021. [Order, filed 4/21/21 (dkt. no. 80) ("4/21/21 Discovery Order"), at 5-6.]

In the instant Motion, the Association argues it is entitled to summary judgment as to all of Plaintiff's remaining claims against it.

## II. Evidence Presented with the Motion

Plaintiff appeared for his deposition on June 2, 2021. See Motion, Decl. of Michael A. Lorusso ("Lorusso Decl."), Exh. E (excerpt of trans. of Deposition of Steven Eng) ("Plaintiff Depo."). During his deposition, Plaintiff acknowledged that he did not provide the health care authorizations by May 5, 2021, and he did not provide answers to the interrogatories by May 12, 2021. [Id. at 114.]

Plaintiff testified that, during the 7/26/16 Incident, someone was "violently pounding on [his] door" of the condominium unit when he was about to take a shower. [Id. at 68.] Plaintiff went to the door right away, but only opened the door a crack because he was not fully dressed. [Id.] Plaintiff testified that only Cayetano pushed the door open and pushed his way inside. [Id. at 68, 117.] A female entered the unit after Cayetano entered. The force of the door opening pushed Plaintiff backwards, but Plaintiff was not injured at that time. Plaintiff testified that he was injured later when Cayetano attacked him. [Id. at 69.]

Plaintiff told Cayetano he wanted to get dressed, but he wanted the female to leave first. Cayetano refused.

Plaintiff repeated the request, and Cayetano refused again. [Id. at 69.]  Plaintiff then said he had to make a telephone call, but, when Plaintiff "turned [his] back[,] . . . [t]he next thing [he] knew [he] was flying across [his] living room as Cayetano charged [him] from behind." [Id. at 75-76.]  Plaintiff asked Cayetano why he did that, and Cayetano said Plaintiff pushed him.  According to Plaintiff, when he denied touching Cayetano, Cayetano grabbed his arms, placed him in handcuffs, and used the handcuffs to twist his arms multiple times.  [Id. at 76.]  Plaintiff testified that no one else helped Cayetano to put the handcuffs on him, but another male said he would corroborate Cayetano's claim that Plaintiff pushed Cayetano.  Plaintiff accused the other male of lying.  [Id. at 81.]  Plaintiff was arrested and taken to the sheriff's station for booking, but he was later released.  [Id. at 75.]

     Plaintiff was asked if anyone related to the Association was involved in the 7/26/16 Incident, and he responded: "I don't know.  I asked for the names and addresses and you refuse to present them to me." [Id. at 111.]  Plaintiff also testified that no one touched him during the 7/26/16 Incident, other than Cayetano and another male who helped Plaintiff stand up.  Plaintiff testified that the female never touched him.  [Id. at 112-13.]  Plaintiff acknowledged that,

when he previously stated the female "was the boss" at the 7/26/16 Incident, he was merely speculating.  [Id. at 112.]

When asked if he had any evidence that the Association requested that he be arrested, Plaintiff responded that he did not know, but he believed that the decision was made to arrest him after Cayetano and the female talked.  [Id. at 113.]

### III. **Other Evidence**

During Plaintiff's deposition, "the female" is also referred to as "Whang."  See Plaintiff Depo. at 75.  According to evidence previously submitted in this case, Sandra Whang is a Civil Process Server, who was employed by the Association on July 26, 2016 to serve a court order on the resident of Kukui Plaza unit D3105.  The court order directed the resident to allow maintenance personnel to install a fire alarm in the unit. [Decl. of Sandra Whang ("Whang Decl."), filed 5/16/19 (dkt. no. 31-2),[5] at ¶¶ 1-3.]  The first time she went to the unit, no one answered when she knocked.  She returned later that morning with Cayetano, and Plaintiff came to the door.  [Id. at ¶¶ 4-7.] Whang stated she "contacted Deputy Sheriff Thomas Cayetano to help [her] serve the Court Order.  He agreed and came to Kukui

---

[5] The Whang Declaration is part of the Errata to Defendant Deputy Sheriff Tommy Cayetano's Concise Statement of Material Facts, Filed May 15, 2019 [ECF No. 30] ("Errata").  [Errata, filed 5/16/19 (dkt. no. 31).]

8

Plaza to assist in service of the court order."  [Id. at ¶ 5.] Whang was also companied by two Kukui Plaza employees.  [Id. at ¶ 11.]  After Cayetano took Plaintiff to the sheriff's office for booking, the Kukui Plaza personnel installed the fire alarm in the unit, and then they left.  [Id. at ¶¶ 12-13.]  Neither the Association nor Plaintiff has submitted any evidence contradicting these portions of Whang's testimony.

Cayetano stated that, at the time of the May 14, 2019 declaration, he was a DPS Deputy Sheriff and, "[f]rom time to time, [he] assist[ed] in serving Court Orders and other Court papers."  [Decl. of Tommy Cayetano ("Cayetano Decl."), filed 5/16/19 (dkt. no. 31-1),[6] at ¶¶ 1-2.]  Cayetano stated he went with Whang to Kukui Plaza unit D3105 on July 26, 2016 to assist in the service of the court order, and Plaintiff answered the door.  Cayetano was wearing his sheriff's uniform at the time. [Id. at ¶¶ 4-6.]  Before placing the handcuffs on Plaintiff, Cayetano "told Eng he was under arrest for assaulting a law enforcement officer."  [Id. at ¶ 10.]  Neither the Association nor Plaintiff has submitted any evidence contradicting these portions of Cayetano's testimony.[7]

---

[6] The Cayetano Declaration is also part of the Errata.
[7] According to Cayetano, when Plaintiff opened the unit door, Cayetano put his foot in the doorway to prevent Plaintiff from closing the door.  [Cayetano Decl. at ¶ 7.]  Plaintiff tried to slam the door, hitting Cayetano's foot and causing
(. . . continued)

9

Cayetano also stated two others were with him and Zhang during the 7/26/16 Incident - "Richard Dolor, Security Supervisor, and Javier Alomar of Operations." [Cayetano Decl. at ¶ 5.] Viewing the testimony as a whole, these are the two Kukui Plaza employees referred to in the Whang Declaration. At his deposition, Plaintiff was asked whether the male who said he would corroborate Cayetano's claim that Plaintiff pushed Cayetano was Richard Dolor. Plaintiff said he did not think so because Mr. Dolor was a security guard, and the male was a maintenance worker. According to Plaintiff, Mr. Dolor was outside of the unit at that time. [Plaintiff Depo. at 81.] Cayetano prepared a DPS report about the 7/26/16 Incident. [Cayetano Decl. at ¶ 13.]

**DISCUSSION**

I. **The Association's Concise Statement of Facts**

On December 22, 2021, the Association filed a Separate and Concise Statement of Facts in Support of Its Motion for Summary Judgment ("CSOF"). [Dkt. no. 107.] Local Rule 56.1(e) requires that the party opposing a motion for summary judgment "file and serve with the opposing documents a separate document

---

Cayetano "intense pain." [Id. at ¶ 9.] Plaintiff denies that Cayetano put his foot in the doorway, and instead claims Cayetano "pushed his way inside." [Plaintiff Depo. at 68.] However, Plaintiff has not denied that Cayetano said Plaintiff was being arrested for assaulting a police officer.

10

containing a single concise statement that admits or disputes each fact set forth in the movant's concise statement." Plaintiff has not responded to either the Motion or the CSOF. Further, he has not requested an extension of time to file his opposition materials.[8]  Because Plaintiff failed to file a concise statement responding to the Association's CSOF, the statements of material fact in the CSOF are deemed admitted, for purposes of the instant Motion.  See Local Rule LR56.1(g).

## II. Claims Based on Cayetano's Conduct

Count II alleges common law assault and battery claims.  [Complaint at pg. 5.]

> "A person commits the common law tort of assault if he or she acts with intent to cause another a nonconsensual harmful or offensive contact or apprehension thereof, and the other person apprehends imminent contact." Mukaida v. Hawaii, 159 F. Supp. 2d 1211, 1223 (D. Haw. 2001) (citations omitted).  "A person commits the common law tort of battery if he or she acts with intent to cause a nonconsensual harmful or offensive contact, or apprehension thereof, and the contact occurs." Id. . . .

---

[8] The original deadline for Plaintiff's opposition materials was January 11, 2022.  See Minute Order, filed 12/28/21 (dkt. no. 108).  On January 10, 2022, Plaintiff filed a motion seeking an extension.  [Dkt. no. 109.]  On January 11, 2022, an entering order was issued granting the motion and extending Plaintiff's deadline to February 14, 2022.  [Dkt. no. 112.]  Even after the 2/28/22 EO Ruling noted Plaintiff's failure to file his opposition materials by the February 14, 2022 deadline, Plaintiff did not request an additional extension.

11

Kam v. Helm, Civ. No. 19-00052 ACK-KJM, 2020 WL 1493040, at *14 (D. Hawai`i Mar. 27, 2020). Based on the evidence in the current record, there is no genuine dispute of material fact as to the issue of who had nonconsensual, harmful or offensive contact with Plaintiff. See Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). Because the only person who had such contact with Plaintiff was Cayetano, see Plaintiff Depo. at 76, 112, in order for Plaintiff's claims against the Association in Count I to survive summary judgment, there must be a genuine dispute of fact as to the issue of whether the Association is liable for Cayetano's actions.

Plaintiff has admitted that his injury occurred when Cayetano attacked him. See CSOF no. 5.[9] There is no evidence in the record suggesting that anyone else inflicted a physical injury on Plaintiff. Count IX alleges the intentional infliction of physical distress. [Complaint at pg. 6.] Plaintiff's negligence claim (Count VII) and gross negligence claim (Count VIII) are based on the violation of Plaintiff's constitutional rights and the injury and harm he suffered.

---

[9] The statements in the Association's CSOF are not numbered. The numbers in the citations to the CSOF were assigned by this Court for purposes of the instant Order.

[Id.]  Because Plaintiff has previously clarified that he is not pursuing constitutional claims against the Association, Plaintiff's claims in Counts VII and VIII against the Association can only be based on the injuries he suffered during the 7/26/16 Incident.  Plaintiff has previously stated, under penalty of perjury, that the severe emotional distress he suffered was caused by Cayetano's attack.  [Decl. of Steven Eng, filed 1/31/20 (dkt. no. 46-1),[10] at ¶ 22.]  Thus, Plaintiff's IIED claim (Count V) and his NIED claim (Count X) arise from Cayetano's actions.  Plaintiff's claims against the Association in Counts V, VII, VIII, IX, and X also require that the Association be vicariously liable for Cayetano's actions.

Count III alleges "malicious abuse of process, unlawful arrest, and false imprisonment."  [Complaint at pg. 5.] Under Hawai`i law, the elements of an abuse of process claim are: "(1) an ulterior purpose and (2) a wilful act in the use of the process which is not proper in the regular conduct of the proceeding."  Young v. Allstate Ins. Co., 119 Hawai`i 403, 412, 198 P.3d 666, 675 (2008) (citations and internal quotation marks

---

[10] Plaintiff's declaration was part of his Concise Statement of Material Facts, [filed 1/31/20 (dkt. no. 46),] filed with his Memorandum in Opposition to Defendant Deputy Sheriff Tommy Cayetano's Motion for Summary Judgment for Qualified Immunity. [Dkt. nos. 29 (motion), 47 (opposition).]

13

omitted).  As to the other two claims within Count III, the Hawai`i Supreme Court has stated:

> Because "'a person who is falsely arrested is at the same time falsely imprisoned,' false arrest and false imprisonment as tort claims are 'distinguishable only in terminology.'" Meyer v. City and County of Honolulu, 6 Haw. App. 505, 508, 729 P.2d 388, 391, *aff'd in part and rev'd in part on different grounds*, 69 Haw. 8, 731 P.2d 149 (1986) (citation omitted).  "For both false arrest and false imprisonment, the essential elements are '(1) the detention or restraint of one against his [or her] will, and (2) the unlawfulness of such detention or restraint.'" Id. at 508-09, 729 P.2d at 392 (quoting 32 Am. Jur. 2d False Imprisonment, § 2, at 59 (1982)). . . .
>
> The determination of probable cause is a defense to the common law claims of false arrest[ and] false imprisonment . . . . House v. Ane, 56 Haw. 383, 390-91, 538 P.2d 320, 325-26 (1975); Towse v. State, 64 Haw. 624, 635, 647 P.2d 696, 704 (1982) . . . .

Reed v. City & Cnty. of Honolulu, 76 Hawai`i 219, 230, 873 P.2d 98, 109 (1994) (some alterations in Reed).  All of Plaintiff's claims within Count III arise from his arrest and subsequent detention.  It is undisputed that Cayetano was the one who arrested Plaintiff.  Thus, Plaintiff's claims against the Association in Count III can only survive summary judgment if there is a genuine dispute of fact as to the issue of whether the Association is liable for Cayetano's arrest of Plaintiff.

The basis for Count XI, Plaintiff's loss of consortium claim, is unclear, particularly because Plaintiff is the person

14

who asserts he has suffered injuries.  Cf. Brown v. KFC Nat'l Mgmt. Co., 82 Hawai`i 226, 241, 921 P.2d 146, 161 (1996) (stating loss of consortium claims are "derivative in the sense that they do not arise unless one's spouse has sustained a personal injury" (brackets, quotation marks, and citation omitted)).  Even assuming that Plaintiff can pursue a loss of consortium claim that is separate and distinct from his other claims against the Association, the claim would be a derivative claim and would be "barred [if his] initial claim of injury cannot be maintained."  See id. (citation omitted).

**III. Whether the Association Has Vicarious Liability**

> This district court has recognized that:
>
> While "[a] principal may be liable for the wrongful acts of its agent that occur while [the agent is] acting within the scope of the agency," Lopeti v. Alliance Bancorp, No. 11-00200 ACK-RLP, 2011 WL 13233545, at *15 (D. Haw. Nov. 4, 2011), "[v]icarious liability under the respondeat superior doctrine ordinarily requires some kind of employment relationship or other consensual arrangement under which one person **agrees to act under another's control**," State v. Hoshijo ex rel. White, 102 Haw. 307, 319, 76 P.3d 550, 562 (2003) (quoting Dan B. Dobbs, The Law of Torts, § 335, at 910 (2000)) (emphasis in Hoshijo).

Kam, 2020 WL 1493040, at *15 (alterations in Kam).  Viewing the record in the light most favorable to Plaintiff,[11] there is at

---

[11] In determining whether there is a genuine issue of material fact that precludes summary judgment, a court must view the record in the light most favorable to the non-moving party. Crowley v. Bannister, 734 F.3d 967, 976 (9th Cir. 2013).

15

least a genuine dispute of material fact as to the issue of whether Whang was an agent of the Association acting within the scope of the agency during the 7/26/16 Incident. There is undisputed evidence that Whang "was engaged by the Association" to serve a court order on a Kukui Plaza unit on July 26, 2016, and Plaintiff ultimately answered the door one of her attempts that day. [Whang Decl. at ¶¶ 2, 7.]

However, there is no evidence which raises a genuine dispute of material fact as to the issue of whether Cayetano was an agent of the Association acting within the scope of the agency during the 7/26/16 Incident. There is no evidence in the record suggesting that there was: 1) an employment or consensual relationship between the Association and Cayetano, and 2) an agreement that Cayetano would act under the Association's control. See Hoshijo, 102 Hawai`i at 319, 76 P.3d at 562. Even assuming there is a genuine issue of material fact as to whether Whang entered into a consensual relationship with Cayetano while she was acting as an agent of the Association, there is insufficient evidence to raise a genuine issue of material fact as to whether Cayetano agreed to act under Whang's control, in her capacity as an agent of the Association. At one point during his deposition, Plaintiff stated Whang "was the boss" in the 7/26/16 Incident, but he later admitted that this was merely speculation. See Plaintiff Depo. at 112. Plaintiff also stated

16

he assumed "the officer" - *i.e.*, Cayetano - was in charge, but Plaintiff then stated that, "based upon the actions who was doing what, [he] estimated it was" Cayetano **and** Whang who were in charge, or at least were "acting like they were in charge." [Id. at 113.]

The Association has met its initial burden "to identify for the court those 'portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact.'" See Lima v. Deutsche Bank Nat'l Tr. Co., Civ. No. 12-00509 SOM-WRP, etc., 2021 WL 4722949, at *5 (D. Hawai`i Oct. 8, 2021) (quoting T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987)), *appeal filed*, (9th Cir. Nov. 16, 2021).  In order to defeat a motion for summary judgment, Plaintiff "must do more than simply show that there is some metaphysical doubt as to the material facts." See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (citations omitted).  Plaintiff "must set forth, by affidavit or as otherwise provided in Rule 56, **'specific facts** showing that there is a genuine issue for trial.'"  See T.W. Elec. Serv., 809 F.2d at 630 (emphasis in T.W. Elec. Serv.) (some citations omitted) (quoting Fed. R. Civ. P. 56(e)).[12]  "At

---

[12] The corresponding provision in the current version of Rule 56 is Rule 56(c)(1)(A), which states: "A party asserting that a fact cannot be or is genuinely disputed must support the
(. . . continued)

least some 'significant probative evidence tending to support the complaint' must be produced." Lima, 2021 WL 4722949, at *5 (internal quotation marks and some citations omitted) (quoting T.W. Elec. Serv., 809 F.2d at 630).  Plaintiff has failed to present any probative evidence tending to support his position that Cayetano agreed to act under Whang's control, while she was acting in her capacity as an agent of the Association.

Even viewing the record in the light most favorable to Plaintiff, he has failed to raise a genuine dispute of material fact as to the issue of whether the Association can be held vicariously liable for Cayetano's actions during the 7/26/16 Incident.  Because Plaintiff has failed to identify a triable issue of fact as to vicarious liability, the Association is entitled to judgment as a matter of law as to Plaintiff's claims against the Association in Counts II, III, V, VII, VIII, IX, and X.  The Motion is therefore granted as to those claims.

Further, because Plaintiff's loss of consortium claim is a derivative claim and summary judgment has been granted in favor of the Association as to the underlying claims, Plaintiff's claim against the Association in Count XI also fails

---

assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials[.]"

as a matter of law.  The Motion is granted as to Plaintiff's claim against the Association in Count XI.

## CONCLUSION

For the foregoing reasons, the Association's Motion for Summary Judgment, filed December 22, 2021, is HEREBY GRANTED.  The Court GRANTS summary judgment in favor of the Association as to all of Plaintiff's remaining claims against the Association.  Because there are no longer any pending claims against the Association, the Clerk's Office is DIRECTED to terminate the Association as a party on **April 14, 2022,** unless Plaintiff files a timely motion for reconsideration of this Order.

Only Plaintiff's claim against Cayetano, in his individual capacity, remain for trial.  The trial is currently scheduled to begin on May 23, 2022.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, March 30, 2022.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**STEVEN ENG VS. STATE OF HAWAII, DEPARTMENT OF PUBLIC SAFETY, ET AL; CV 18-00282 LEK-KJM; ORDER GRANTING DEFENDANT ASSOCIATION OF OWNERS OF KUKUI PLAZA'S MOTION FOR SUMMARY JUDGMENT**