IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STEVEN ENG, <br><br> Plaintiff, <br><br> vs. <br><br> STATE OF HAWAII, DEPARTMENT OF PUBLIC SAFETY; KUKUI PLAZA ASSOCIATION AOAO; SHERIFF OFFICER TOMMY CAYETANO; JOHN DOES 1-10; JANE DOES 1-10; DOE ASSOCIATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; and DOE GOVERNMENTAL AGENCIES 1-10, <br><br> Defendants. | Civil No. 18-00282 LEK-KJM <br><br> FINDINGS AND RECOMMENDATION TO DISMISS PLAINTIFF STEVEN ENG'S CLAIMS AGAINST DEFENDANT TOMMY CAYETANO |

FINDINGS AND RECOMMENDATION TO DISMISS PLAINTIFF
STEVEN ENG'S CLAIMS AGAINST DEFENDANT TOMMY CAYETANO

This case concerns an incident that allegedly occurred on July 26, 2016, when a sheriff and others forcibly entered the Kukui Plaza condominium unit where *pro se* Plaintiff Steven Eng ("Plaintiff") was residing. *See generally* ECF No. 1. Plaintiff's complaint initially named as defendants the State of Hawaii, Department of Public Safety, Association of Owners of Kukui Plaza (the

"Association"),[1] and Tommy Cayetano ("Defendant Cayetano"). Only Plaintiff's claims against Defendant Cayetano, in his individual capacity, remain. *See* ECF No. 114 at 19; ECF No. 116.

Plaintiff failed to appear at the settlement conference and the final pretrial conference on April 15, 2022. *See* ECF No. 124. In addition, Plaintiff failed to submit a settlement conference statement and a final pretrial conference statement, which were due on April 8 and April 5, 2022, respectively. ECF Nos. 89, 115. On April 18, 2022, this Court issued an Order to Show Cause, ordering Plaintiff to explain in writing by April 28, 2022, why the Court should not sanction Plaintiff for his failure to attend the foregoing proceedings and comply with submissions deadlines ("04/18/2022 OSC"). ECF No. 127. The 04/18/2022 OSC warned Plaintiff that failure to respond might result in sanctions, including dismissal. *Id.* at 4. Plaintiff did not file a response to the 04/18/2022 OSC.

On April 27, 2022, this Court issued a notice of a telephonic status conference for April 29, 2022 ("04/27/2022 Notice"). ECF No. 130. The Court mailed to Plaintiff a copy of the 04/27/2022 Notice. That same day, Plaintiff filed a "Notice of Appeal." ECF No. 131. On April 28, 2022, Plaintiff filed a:

---

[1] Defendant Association of Owners of Kukui Plaza states that Plaintiff incorrectly identified it as "Kukui Plaza Association AOAO.

2

(1) Motion for Continuance; (2) Additional Declaration in Support of Motion for Change of Venue; and (3) a second "Notice of Appeal." ECF Nos. 132–33.

On April 29, 2022, the Court telephonically held the scheduling conference as scheduled. ECF No. 135. The Court made three phone calls to Plaintiff's telephone number on record. Plaintiff, however, failed to appear for the scheduling conference.

## DISCUSSION

"It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution." *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) (citation omitted); *see also Pagano v. OneWest Bank, F.S.B.*, CV. No. 11-00192 DAE-RLP, 2012 WL 74034, at *6 (D. Haw. Jan. 10, 2012) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.")). In addition, Rule 16.1 of the Local Rules of Practice of the United States District Court for the District of Hawaii directs all litigants to "proceed with diligence to take all steps necessary to bring an action to readiness for trial." When a litigant fails to prosecute the case with such diligence, the court may impose sanctions, including dismissal of the case. LR16.1.

To determine whether to dismiss a case for lack of prosecution, the court must weigh the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the availability of less drastic alternatives; and (5) the public policy favoring the disposition of cases on their merits ("*Pagtalunan* factors"). *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)). For the reasons below, the Court finds that dismissal of Plaintiff's claims against Defendant Cayetano is proper given Plaintiff's failure to prosecute.

First, the public's interest in expeditious resolution of this litigation weighs in favor of dismissal because this case has been pending for almost four years, since July 2018, and Plaintiff appears to have ceased meaningfully pursuing his claims. Second, the Court's need to manage its docket weighs strongly in favor of dismissal because Plaintiff's failure to prosecute his claims, or even appear for scheduled proceedings of which Plaintiff had advanced notice, has interfered with the Court's ability to manage its docket. To date, Plaintiff fails to provide any reasoning as to why he failed to appear for the settlement conference and final pretrial conference on April 15, 2022 or submit the required statements—despite Plaintiff's ability to continue filing documents.

Third, the risk of prejudice to Defendant Cayetano weighs heavily in favor of dismissal. Defendant Cayetano will suffer prejudice if this case continues to trial without Plaintiff's participation. Plaintiff's inaction has impaired Defendant Cayetano's ability to proceed to trial and threatens to interfere with the resolution of this case. *See Pagtalunan*, 291 F.3d at 642 (citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)). The final pretrial statement is a significant document that directs the parties to provide twenty-two categories of information to the court and other parties, including the alleged basis for jurisdiction, witnesses to be called, exhibits, outstanding discovery or motions, status of settlement discussions, and estimated length of trial. Defendant Cayetano timely filed his final pretrial statement. *See* ECF No. 120. Allowing Plaintiff to proceed without filing a final pretrial statement would significantly prejudice Defendant Cayetano.

Fourth, less drastic sanctions are not appropriate. The Court has made multiple attempts to reach Plaintiff for court proceedings. The Court subsequently issued the 04/18/2022 OSC, warning Plaintiff that failure to respond would result in a recommendation that the district court dismiss his claims. The Court thus finds that it would be futile to recommend a lesser sanction because Plaintiff has demonstrated that such action would not compel him to take the necessary steps to prosecute his claims.

Finally, public policy favors disposition of cases on their merits. *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). Thus, this factor weighs against dismissal. However, this Court finds that because four of the factors weigh in favor of dismissal, this final factor is outweighed. Accordingly, dismissal is appropriate.

Notwithstanding this Court's finding that Plaintiff has failed to prosecute this case and has failed to respond to the 04/18/2022 OSC, the Court finds that these failures do not provide sufficient grounds to support dismissal with prejudice. The Court finds that four of the five *Pagtalunan* factors weigh in favor of dismissal; however, under these circumstances, these factors do not weigh "strongly" in favor of dismissal. *Cf. In re Lagmay*, CIV. NO. 15-00166 DKW/RLP, 2015 WL 5970667, at *2 (D. Haw. Oct. 13, 2015), *aff'd sub nom.*, *Lagmay v. Nobriga*, No. 15-17068, 2016 WL 7407294 (9th Cir. Dec. 22, 2016) (dismissal with prejudice is appropriate when at least three of the *Pagtalunan* factors weigh "strongly" in support of dismissal). Accordingly, the Court finds that dismissal is appropriate and recommends that the district court dismiss Plaintiff's claims against Defendant Cayetano without prejudice.

\\

\\

\\

CONCLUSION

Based on the foregoing, the Court FINDS and RECOMMENDS that the district court DISMISS WITHOUT PREJUDICE Plaintiff's claims against Defendant Cayetano, in his individual capacity, for failure to prosecute.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, May 2, 2022.



Kenneth J. Mansfield
Unites States Magistrate Judge

*Eng v. State of Haw., Dep't of Pub. Safety, et al.*, Civil No. 18-00282 LEK-KJM; Findings and Recommendation to Dismiss Steven Eng's Claims Against Defendant Tommy Cayetano